IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-02012-REB-BNB

ROBIN JOHNSON,

Petitioner,

v.

WARDEN NOBLE WALLACE, Denver Women's Correctional Facility,
JOE ORTIZ, Director Colorado Department of Corrections, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

Respondents.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on the **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** [Doc. # 3, filed 10/10/2006] (the "Application"), and the **Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** [Doc. # 5, filed 10/23/2006] (the "Amended Application") by Robin Johnson (the petitioner"). The respondents filed an answer on December 11, 2006. The petitioner has not filed a traverse. The respondents were ordered to supplement the answer, which they did on August 20, 2008.

I respectfully RECOMMEND that the Application be DENIED.

**I. FACTUAL BACKGROUND**

The material facts are not disputed. Over the course of two and a half years, the petitioner stole jewelry and credit cards from various housecleaning clients and used the credit cards at automatic teller machine (ATM) outlets for cash and at retail stores for merchandise, resulting in a total loss of $50,649.51. The petitioner pled guilty pursuant to a plea bargain in

Douglas County District Court in Case Nos. 00CR310 and 00CR376 to one felony theft count in each of the two cases, resulting in her conviction of a class-three and a class-four felony. The parties stipulated to a sentence in community corrections in the range of fifteen to twenty-five years or, alternatively, a sentence in the range of fifteen to twenty-five years in the Colorado Department of Corrections (DOC) if the petitioner was not accepted by a community corrections program.

On December 20, 2000, the Douglas County District Court sentenced the petitioner to concurrent twenty-five-year sentences to be served through community corrections. Petitioner was ordered to pay restitution in the amount of $50,649.51. Approximately one year later, on December 19, 2001, the trial court held a hearing on the petitioner's rejection from community corrections. Her placement was revoked because she had lied about her criminal record on a job application and was found in possession of seven credit cards, a violation of community corrections' rules. The trial court converted the petitioner's sentence to an aggravated, twenty-four-year sentence in the DOC, the maximum prison sentence that could be imposed.

Petitioner did not file a direct appeal. Instead, on May 23, 2002, she filed a motion for sentence reconsideration pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure, which the trial court denied on June 12, 2002. On October 9, 2002, the petitioner filed a motion for reduction of sentence, which the trial court denied on January 8, 2003.

On January 15, 2003, the petitioner filed a motion to correct an illegal sentence pursuant to Colo. R. Crim. P. 35(a), which the trial court denied on June 18, 2003. On September 26, 2003, the petitioner filed a Colo. R. Crim. P. 35(c) motion, which the trial court summarily denied on October 27, 2003. Petitioner appealed. She contended that the trial court had not

complied with 21 U.S.C. § 851(b), which deals with federal drug prosecutions and was not alleged in the petitioner's Colo. R. Crim. P. 35(c) motion, and claimed that her attorney had not represented her best interests at sentencing. The Colorado Court of Appeals ordered supplemental briefing as to the applicability of Blakely v. Washington, 542 U.S. 296 (2004).

On April 7, 2005, the Colorado Court of Appeals ruled that the petitioner's aggravated sentence was unconstitutional under Blakely, did not address the ineffective-assistance-of-counsel claim, and reversed and remanded for resentencing based on the perceived Blakely error. See People v. Johnson, 121 P.3d 285 (Colo. App. 2005). On September 11, 2006, the Colorado Supreme Court, ruling that Blakely did not apply retroactively on collateral attack to cases that were final when it was decided, reversed and remanded to the Colorado Court of Appeals, since the appellate court had not addressed the petitioner's remaining claims. See People v. Johnson, 142 P.3d 722 (Colo. 2006). On December 14, 2006, after considering the petitioner's remaining claims on remand, the Colorado Court of Appeals affirmed. See People v. Johnson, No. 03CA2339 (Colo. App. Dec. 14, 2006) (not selected for publication).

On September 27, 2008, the petitioner initiated proceedings in this Court, and her original habeas corpus petition challenging her guilty plea was filed on October 10, 2008. On October 23, 2008, the petitioner filed an amended application.

Respondents contend, inter alia, that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final

3

> by the conclusion of direct review or the expiration
> of the time for seeking such review;
>
> (B) the date on which the impediment to filing an
> application created by State action in violation of
> the Constitution or laws of the United States is
> removed, if the applicant was prevented from filing
> by such State action;
>
> (C) the date on which the constitutional right
> asserted was initially recognized by the Supreme
> Court, if the right has been newly recognized by the
> Supreme Court and made retroactively applicable to
> cases on collateral review; or
>
> (D) the date on which the factual predicate of the
> claim or claims presented could have been
> discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State
> post-conviction or other collateral review with respect to the
> pertinent judgment or claim is pending shall not be counted toward
> any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner's conviction became final when the time for filing a direct appeal expired because she did not file a direct appeal. Pursuant to Rule 4(b) of the Colorado Appellate Rules, the petitioner had forty-five days to file a notice of appeal after she was sentenced to community corrections on December 20, 2000. Although the petitioner was resentenced after violating the conditions of community corrections, the resentencing does not result in a new conviction. See People v. McPherson, 53 P.3d 679, 681 (Colo. App. 2001). Instead, for purposes of challenging her guilty plea proceedings, the date of the petitioner's initial sentence to community corrections (December 20, 2000) is considered the date of conviction, see id., and not the date when her community corrections sentence was converted to a DOC sentence (December 19, 2001).

4

Respondents argue that the petitioner's conviction was final on February 3, 2001, forty-five days after December 20, 2000. However, because February 3, 2001, was a Saturday, I find that her conviction actually became final on Monday, February 5, 2001. I also find that the one-year limitation period began to run on February 5, 2001, because the petitioner does not allege that she was prevented by unconstitutional state action from filing this action sooner, she is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and she knew or could have discovered the factual predicate for his claims before his conviction became final. Therefore, the petitioner had until February 5, 2002, to file a federal habeas corpus application challenging her guilty-plea proceedings. Because she did not file a state postconviction motion until May 23, 2002, the entire one-year limitation period expired before any tolling occurred.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. See Gibson v. Klinger, 232 F.3d 799, 807 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. See id. Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently. See Miller, 141 F.3d at 978. Finally, the petitioner bears the burden of demonstrating that equitable tolling is appropriate in this action. See id.

Petitioner fails to allege any facts that might justify equitable tolling of the one-year limitation period. Therefore, I find that the petitioner fails to demonstrate that equitable tolling

is appropriate, and I recommend that the instant action be dismissed as barred by the one-year limitation period. Because I recommend that the instant action be dismissed as time-barred, I need not address Respondents' remaining arguments.

I respectfully RECOMMEND that the Application be DENIED as time-barred.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources, Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated August 25, 2008.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge